[No. 11356.   Department Two.   February 6, 1914.]

WILLIAM L. ARCHER, *Respondent*, v. FRANKLIN COUNTY SCHOOL DISTRICT No. 1, *Appellant*.[1]

APPEAL—DISMISSAL—PARTIES ENTITLED. An intervener, who was awarded a lien upon part of the judgment, from which part no appeal was taken, has no interest in appeals taken by the other parties, and therefore cannot move to dismiss the appeals.

CONTRACTS—BUILDING CONTRACTS—"EXTRAS." Where the architect called attention to the fact, when the work started, that the brick were not being wet before being placed in the walls, as required by the contract, and when next on the ground, required walls so constructed to be torn down, the work of tearing down and relaying the brick in accordance with the terms of the contract is not an "extra" within the meaning of the building contract.

[1]Reported in 138 Pac. 299.

SAME—"EXTRAS"—WRITTEN ORDERS. A contractor cannot recover for "extras" not ordered by the architect, where the contract provided that no alterations should be made in the work shown by the plans and specifications, except upon the written order of the architect.

Cross-appeals from a judgment of the superior court for Franklin county, Holcomb, J., entered February 14, 1913, upon findings allowing portions of plaintiff's claims, in an action on contract, tried to the court. Modified.

*Charles W. Johnson,* for appellant.

*A. G. Elston, Danson, Williams & Danson,* and *Moulton & Henderson,* for respondent.

*Driscoll & Leonard,* for intervener.

MOUNT, J.—This action was brought by the plaintiff to recover an alleged balance on a contract for the construction of a school building for the defendant.

The plaintiff sued for the sum of $8,209.70. This sum was made up of three items: First, $3,500 for tearing down and rebuilding a brick wall; second, $4,333.90, the alleged balance due upon the contract; and third, $375.80 for extras. The defense was based upon the alleged grounds that the contract had not been completed in accordance with the terms thereof; that the plaintiff was entitled to no extras; that there was an offset of damages caused by defective work; and for delay in the construction of the building.

The First National Bank of Pasco was permitted to intervene in the case. This intervener alleged an assignment of $2,000 due to the plaintiff from the defendant, which assignment was accepted by the defendant. Upon the trial of the case, the court disallowed the claim of $3,500 for tearing down and replacing the brick wall; found that the plaintiff was entitled to extras amounting to $304.95; and that the defendant should recover damages by reason of the delay of the plaintiff in completing the building, in the sum of $336.

After deducting these items, the court found that the plaintiff was entitled to recover from the defendant the sum of $4,301.85, and that the intervener was entitled to a lien upon such judgment for the sum of $2,000, and interest.

The plaintiff has appealed from that part of the judgment refusing to allow him $3,500 for tearing down the wall. The defendant has appealed from that part of the judgment finding that the building was completed in accordance with the contract, and that the plaintiff was entitled to recover for extras, and the refusal of the court to allow $25 per day for the time intervening between the time the contract was to be completed and when it was actually completed.

The intervener has appeared in this court and moved to dismiss the appeal upon a number of grounds. It is sufficient to say that the appeals of the plaintiff and the defendant do not affect the judgment of the intervener. It was conceded in the trial of the case that the intervener was entitled to a lien for $2,000 upon the judgment of the plaintiff, and no appeal was taken from that part of the judgment, and whatever judgment might be rendered here would not affect that judgment. The intervener, therefore, has no interest in the appeal. The motion is denied.

The contract between the plaintiff and the defendant provided that the plaintiff should furnish all the materials and construct the building in accordance with the terms of the contract. The contract also provided that the brick which were to be placed in the walls of the building should be thoroughly wet before being laid in the walls. When the brickwork was started, the architect was upon the ground and called attention to the fact that the brick were not being wet. He was not upon the work again until some thirty days later. Part of the wall was constructed without wetting the brick. He thereupon ordered this wall torn down and replaced according to the contract. This was done, and the plaintiff now claims an extra amounting to $3,500 for this work. It is apparent that this is not an extra. If the work

was not done in accordance with the terms of the contract, it was the duty of the architect to require it to be torn down and replaced in accordance therewith. This is what the architect did. It is true, a superintendent was upon the work and saw the brick being placed in the wall without wetting them; but as soon as the architect was informed thereof, he ordered the work torn down, and it was torn down in accordance with his orders and built up as provided for in the contract. We think it is clear that the plaintiff was not entitled to recover as for an extra upon this item.

The trial court allowed several items, amounting to $304.95 as extras. The contract provided:

"No alterations shall be made in the work shown or described by the drawings and specifications, except upon a written order of the architect, and when so made, the value of the work added or omitted shall be computed by the architect, and the amount so ascertained shall be added to or deducted from the contract price."

It is not claimed by the plaintiff that any of these items, except one which amounted to $84, was made upon any order of the architect, or that they were agreed to as extras. The contract is specific as to the manner in which extras were to be furnished and if the items claimed by the plaintiff were extras, it was his duty under the contract to obtain a written order of the architect for the doing of these things as extra work. Not having done so, he cannot recover for any of the items, except the one ordered by the architect, amounting to $84. This is plainly provided for in the contract, and the contract of course must control. We think the court was in error when it allowed $304 for extras.

The defendant attempted to show that the building had not been completed at the time the action was brought by reason of the fact that an ornament, called a "cartouche," which was provided for in the contract and which was to be placed on the top of the building in front containing the name of the building and a scroll or shield, was not constructed in ac-

cordance with the specifications. The evidence is conflicting upon this point. Some of the persons qualified to testify stated that the cartouche did not comply with the specifications; others that it did so comply. The court found, after hearing all the evidence and after seeing the ornament itself, "that the cast stone ornament complies fully with the plans, specifications and detailed drawings prepared by said architect." After carefully reading the evidence upon the question, we have concluded not to disturb the findings of the court upon this question.

The judgment of the trial court is modified to the extent of deducting the difference between $304.95 and $84, which is $220.95, from the amount found due the plaintiff. Otherwise the judgment is affirmed. Neither party will recover costs on this appeal.

CROW, C. J., ELLIS, MORRIS, and FULLERTON, JJ., concur.